**STATE of Missouri, Plaintiff-Respondent,**

v.

**Terry D. ODOM, Defendant-Appellant.**

No. 50814.

Missouri Court of Appeals, Eastern District, Division Ten.

July 8, 1986.

Robert J. O'Hanlon, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Defendant was convicted of stealing, § 570.030 RSMo Cum.Supp.1984, and burglary in the second degree, § 569.170 RSMo 1978. The trial court found defendant to be a persistent offender pursuant to § 558.016 Cum.Supp.1984, and sentenced defendant to fifteen years on each count, to be served consecutively. Defendant appeals; we reverse and remand for a new trial.

Defendant's sole point on appeal alleges the trial court erred in denying defendant's challenge of venireman William Miller for cause. This contention is based on the following colloquy between defense counsel and venireman Miller:

> MR. MARKS: Okay. Let me ask you this, the general question: Now it could very well be in this case that the defendant doesn't put on any evidence. And some of you know from having been around before, and as you know before, because you've listened to criminal trials, the burden is upon the State to prove each and every element of their case. I don't have to prove anything. But is there anybody as you sit here now who would require the defense to offer something to you, or you couldn't find a man

innocent? You couldn't find him innocent? Is there anybody who feels like that? Please tell me, it's not an embarrassing question. You understand what I mean, Mr. Miller?

> VENIREMAN MILLER: No, explain it.

> MR. MARKS: The State is going to put on all the people that I told you about. Now, they have to prove my client guilty beyond a reasonable doubt. And the Court told you what that means.

> VENIREMAN MILLER: Um-hum.

> MR. MARKS: If I don't get up and do anything, you know, I just sit there, are you going to hold that against my client? Are you going to say as you get back there in the jury room, "Well, I wonder why they didn't present any evidence," or are you just going to focus on what the State did and either find him guilty or innocent as a result of that?

> VENIREMAN MILLER: I would want to hear from your client.

> MR. MARKS: You would?

> VENIREMAN MILLER: Yes, sir.

> MR. MARKS: Okay. Now, let's suppose that it would be my decision, let's suppose that my decision is that he isn't to testify. Would you hold that against him, would you be less likely to believe that he didn't do what he's charged with if he doesn't get up there and talk to you?

> VENIREMAN MILLER: I'd like to hear both sides of the case.

> MR. MARKS: I understand.

> VENIREMAN MILLER: If, you know, I'd like to hear both sides. But I could make a decision if I hadn't heard his side just by the evidence presented, I think I probably could.

> MR. MARKS: But you're not certain?

> VENIREMAN MILLER: I would want to hear both sides of the case, yes. I lean more to that way than not.

After the trial court denied the challenge for cause, defendant used one of his peremptory challenges to remove Mr. Miller. It is axiomatic that a defendant "must be afforded a full panel of qualified veniremen

from which to make his allotted peremptory challenges," and that failure of the trial court to do so is reversible error. *State v. Smith*, 649 S.W.2d 417, 422 (Mo. banc), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 546 (1983).

 Defendant argues that venireman Miller revealed a clear doubt about whether he could be impartial and refrain from attributing guilt to defendant's failure to testify. Very wide discretion is granted to the trial court in determining a venireman's qualification to serve on a jury panel, and the exercise of that discretion will not be disturbed by an appellate court unless the record shows "a manifest abuse of that discretion and real probability of injury to the complaining party." *State v. Betts*, 646 S.W.2d 94, 98 (Mo. banc 1983).

■ That "probability of injury" to defendant was established by Mr. Miller's repeated statements to the effect that he wanted to hear from the defendant and that, if defendant did not testify, he "probably could" make a decision "just by the evidence presented." The exchange between counsel and Mr. Miller provides a remarkable parallel to the voir dire interrogation of a venireperson set out in *State v. Stewart*, 692 S.W.2d 295 (Mo. banc 1985). Among other similarities, the prospective juror in *Stewart* said several times that she would like to hear defendant's "side of the story" and that his failure to testify might "possibly" cause her to think defendant was trying to hide something. Noting that the venireperson "never unequivocally stated that she would not draw any inference of guilt from defendant's failure to testify," the Supreme Court held that the trial court erred in denying the challenge for cause and reversed. *Id.* at 299.

Likewise, in *State v. Hopkins*, 687 S.W.2d 188, 191 (Mo. banc 1985), it was held that a challenge for cause should have been sustained where a venireperson could not say unequivocally that "he could try the case impartially; at most, he said he would 'try' to be impartial."

In the instant case, the venireman's statement that he could "probably" disregard defendant's failure to testify was not enough to provide defendant "a full panel of qualified veniremen from which to make his allotted peremptory challenges." *State v. Smith*, supra. The challenge to Mr. Miller's qualifications should have been sustained; denial of the challenge constituted a manifest abuse of discretion.

Reversed and remanded for a new trial.

SIMON and KELLY, JJ., concur.